IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
IN NASHVILLE

| | |
|---|---|
| FIREPITART.COM LLC,<br><br>　　　Plaintiff<br>v.<br><br>JOHN T. UNGER,<br><br>　　　Defendant | Civil Action No. 3:09-CV-725<br><br>Judge Campbell<br><br>Magistrate Judge Brown<br><br>Jury Demand |

# FIRST AMENDED COMPLAINT

The plaintiff, FirePitArt.com LLC ("Fire Pit Art" or "Plaintiff"), files this Complaint against the defendant, John T. Unger ("Defendant"), for a declaratory judgment under 28 U.S.C. § 2201 *et seq.* and The Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* that Fire Pit Art has the right to manufacture and sell products alleged by Defendant to infringe Defendant's copyrights and that its products that Defendant has accused of being infringing do not infringe any valid or enforceable copyrights, and that Defendant's alleged copyrights are invalid and unenforceable; for Defendant's violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.*, and for Defendant's intentional interference with Fire Pit Art's business relationships. For its causes of action, Fire Pit Art states as follows:

## PARTIES

1.　　Plaintiff FirePitArt.com LLC ("Fire Pit Art" or "Plaintiff") is a Tennessee limited liability company whose principal business office is located at 332 North Denny Road, Lebanon, Tennessee 37087.

1

2. Upon information and belief, Defendant, John T. Unger, is an individual whose principal residence is located at 3014 S. M-66 HWY, Mancelona, MI 49659.

## JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201 as a civil action arising under arising under the copyright laws of the United States, and pursuant to 28 U.S.C. § 1367(a) and the doctrine of supplemental jurisdiction.

4. Upon information and belief, this Court has personal jurisdiction over Defendant by virtue of Defendant's having sold his products in the State of Tennessee and having otherwise purposefully availed himself of the jurisdiction of the State of Tennessee and this District.

## VENUE

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims have occurred in this judicial district, a substantial part of the property that is the subject of this action is situated in this District, and Defendant is subject to the jurisdiction of this Court.

## FACTS COMMON TO ALL COUNTS

6. Fire Pit Art is a manufacturer and provider of high-quality outdoor furniture products in the nature of portable outdoor fire pits, also known as fire bowls.

7. Among its products, Fire Pit Art manufactures, markets and sells the fire bowls sold under the names "Triptic," "Lotus Blossom," "Ring of Fire," "Tulip," "Bowl of Fire" and "Wave" ("Plaintiff's Fire Pits").

8. Plaintiff received a threatening letter from legal counsel for Defendant dated April 30, 2009, stating that Plaintiff's Fire Pits were "infringing" and "reproductions of works subject to [Defendant]'s copyright registrations."

9. Upon information and belief, Defendant disseminated the allegations contained in Defendant's letter, disparaging statements with respect to Plaintiff's Fire Pits, and/or false or misleading representations of fact with respect to Plaintiff's Fire Pits, to Fire Pit Art's business partners and affiliates, including Tennessee Association of Craft Artists and the company The Guild, Inc., doing business as "Artful Home" and providing retail services through catalogs and an Internet website featuring a wide variety of consumer products, including outdoor furniture ("Artful Home").

10. Upon information and belief, Defendant had knowledge of Fire Pit Art's business relationship with Artful Home.

11. Upon information and belief, Defendant disseminated his allegations of copyright infringement, disparaging statements with respect to Plaintiff's Fire Pits, and/or false or misleading representations of fact with respect to Plaintiff's Fire Pits, to Artful Home with the intent and for the purpose of causing the termination of Fire Pit Art's business relationship with Artful Home and to otherwise injure Fire Pit Art.

12. As a direct result of Defendant's actions, Artful Home has terminated its business relationship with Fire Pit Art, pending a determination of the validity of Defendant's claims of copyright infringement against Fire Pit Art.

13. Over the course of the subsequent months and extensive communications between legal counsel for the parties, Defendant has continued to assert his allegations of copyright infringement, further basing them on the registrations of copyright claims made by Defendant, and issued by the U.S. Copyright Office under numbers VA 1-667-92, VA 1-667-096 and VA 1-667-181, all for a number of articles that are in fact outdoor fire pits, but were registered by the

3

Copyright Office as "Sculpture/3-D Design," on the basis of Defendant's claims and representations.

14. Defendant asserts ownership of copyright in the fire pits registered with the U.S. Copyright Office under numbers VA 1-667-92, VA 1-667-096 and VA 1-667-181, titled "The Great Bowl O'Fire," "Waves O'Fire," "Great Flaming Lotus," "The Big Bowl of Zen" and "King Isosceles" ("Defendant's Fire Pits").

15. In the course of the most recent communications from Defendant's counsel, Defendant has maintained his claims and demanded that Plaintiff cease and desist from sale of Plaintiff's Fire Pits.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
**(28 U.S.C. § 2201 *et seq.*; 17 U.S.C. 101 *et seq.*)**

16. Plaintiff repeats and re-alleges the foregoing allegations as if fully set forth herein.

17. As a result of Defendant's actions, there is an actual controversy between Plaintiff and Defendant as to the parties' rights and legal relations associated with Plaintiff's manufacture and sale of Plaintiff's Fire Pits.

18. Plaintiff intends to continue manufacturing, marketing and selling Plaintiff's Fire Pits.

19. Plaintiff's manufacturing, marketing and selling of Plaintiff's Fire Pits is lawful, and does not infringe on any copyrights or any other rights of Defendant under The Copyright Act of 1976, 17 U.S.C. § 101 *et seq*.

20. An actual controversy exists within the meaning of 28 U.S.C. § 2201(a) as to whether Plaintiff's manufacturing, marketing and selling of Plaintiff's Fire Pits infringes on any

copyrights or any other rights of Defendant under The Copyright Act of 1976, 17 U.S.C. § 101 *et seq*.

21. Plaintiff does not engage in any activities that harm or threaten any lawful rights of Defendant, and Plaintiff seeks a declaration to that effect in this action.

22. Plaintiff has been damaged by Defendant's actions and, in the in the absence of the Court's declaration of Plaintiff's rights, will continue to be damaged.

## COUNT II
## DECLARATORY JUDGMENT OF
## COPYRIGHT INVALIDITY AND UNENFORCEABILITY
**(28 U.S.C. § 2201(a); 17 U.S.C. 101 *et seq.*)**

23. Plaintiff repeats and re-alleges the foregoing allegations as if fully set forth herein.

24. As a result of Defendant's actions, there is an actual controversy between Plaintiff and Defendant as to the parties' rights and legal relations associated with Plaintiff's manufacture and sale of Plaintiff's Fire Pits.

25. Defendant's Fire Pits are functional, utilitarian and useful articles that are not subject to copyright protection under The Copyright Act of 1976, 17 U.S.C. § 101 *et seq*.

26. An actual controversy exists within the meaning of 28 U.S.C. § 2201(a) as to whether Defendant's copyright in Defendant's Fire Pits is valid and enforceable under The Copyright Act, 17 U.S.C. § 101 *et seq.*, and Plaintiff seeks a declaration to that effect in this action.

27. Plaintiff has been damaged by Defendant's actions and, in the in the absence of the Court's declaration of Plaintiff's rights, will continue to be damaged.

# COUNT III
## VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT
### (Tenn. Code Ann. § 47-18-101 *et seq.*)

28. Plaintiff repeats and re-alleges the foregoing allegations as if fully set forth herein.

29. Defendant's actions and omissions referenced above constitute violations of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.*, including, without limitation, Tenn. Code Ann. §§ 47-18-104(a), (b)(2), (3), (5), (8) and (27).

30. Plaintiff has been damaged by Defendant's violations of the Tennessee Consumer Protection Act.

31. On information and belief, Defendant's use or employment of unfair or deceptive acts or practices was a willful or knowing violation of the Tennessee Consumer Protection Act, entitling Plaintiff to an award of three times the actual damages sustained by Plaintiff and such other relief as the Court considers necessary and proper, pursuant to Tenn. Code Ann. § 47-18-109(a)(3).

32. Defendant's violations of the Tennessee Consumer Protection Act entitle Plaintiff to an award of its reasonable attorney's fees and costs, pursuant to Tenn. Code Ann. § 47-18-109(e)(1).

# COUNT IV
## INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIPS

33. Plaintiff repeats and re-alleges the foregoing allegations as if fully set forth herein.

34. Plaintiff had existing and prospective business relationship with Artful Home.

35. Defendant had knowledge of the existing and prospective business relationship between Plaintiff and Artful Home.

36. Defendant's actions were undertaken with the intent to cause a breach or termination of the existing and/or prospective business relationships Plaintiff had with Artful Home, and to otherwise injure Plaintiff.

37. Defendant's actions were improper and unethical.

38. Defendant's actions constitute intentional interference with existing and/or prospective business relationship between Plaintiff and Artful Home

39. Plaintiff has been damaged by Defendant's actions in intentionally interfering with Plaintiff's existing and/or prospective business relationship with Artful Home.

40. Plaintiff is entitled to an award of compensatory damages for Defendant's actions of intentional interference with its prospective and/or existing business relationship with Artful Home.

41. Plaintiff is entitled to an award of punitive damages for Defendant's actions of intentional interference with its prospective or existing business relationship with Artful Home.

## JURY DEMAND

42. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

THE ABOVE PREMISES CONSIDERED, Plaintiff respectfully prays that the Court:

1. Declare that Plaintiff has not infringed and is not infringing any copyright of Defendant, as a result of Plaintiff's manufacturing, marketing and selling of Plaintiff's Fire Pits;

2. Declare that Defendant's copyrights registered with the U.S. Copyright Office under numbers VA 1-667-92, VA 1-667-096 and VA 1-667-181 are invalid and enforceable, and order cancellation of these copyright registrations;

3. Award Plaintiff an amount of three times the actual damages sustained by Plaintiff and such other relief as the Court considers necessary and proper, pursuant to Tenn. Code Ann. § 47-18-109(a)(3);

4. Award Plaintiff punitive damages for Defendant's actions of intentional interference with Plaintiff's business relationship;

5. Award Plaintiff the costs of this action and Plaintiff's reasonable attorney's fees, pursuant to The Copyright Act of 1976, 17 U.S.C. § 505, and the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-109(e)(1);

6. Award Plaintiff pre-judgment interest; and

7. Grant to Plaintiff such other and further relief as this Court deems just and equitable.

Respectfully submitted,

/s/ Natalya L. Rose
Natalya L. Rose (No. 021701)
MILOM JOYCE HORSNELL CROW PLC
3310 West End Avenue, Suite 610
Nashville, Tennessee 37203
Telephone: (615) 255-6161
Facsimile: (615) 254-4490
nrose@mjhc-law.com

*Attorneys for Plaintiff*
*FirePitArt.com LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that service of the foregoing First Amended Complaint is being accomplished through delivery by U.S. Mail, this 27th day of August, 2009, upon the following:

John T. Unger
3014 S. M-66 HWY
Mancelona, MI 49659.

      /s/ Natalya L. Rose
      Natalya L. Rose