# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# IN NASHVILLE

| | |
|---|---|
| FIREPITART.COM LLC, <br><br> Plaintiff <br> v. <br><br> JOHN T. UNGER, <br><br> Defendant <br><br> ——————————————— <br><br> JOHN T. UNGER, JOHN T. UNGER, LLC, <br><br> Counter-Plaintiffs <br> and Third-Party Plaintiffs <br> v. <br><br> FIREPITART.COM LLC[1], RICK WITTRIG, <br><br> Counter-Defendants <br> and Third-Party Defendants | Civil Action No. 3:09-CV-725 <br><br> Judge Campbell <br><br> Magistrate Judge Brown <br><br> Jury Demand |

## PROPOSED INITIAL CASE MANAGEMENT ORDER

Counsel for all parties have conferred as required by Local Rule 16.01(d)(1)(b) regarding the matters enumerated in Local Rule 16.01(d)(1)(c) and (d)(2), and propose the following initial case management order:

---

[1] Counter-Defendant/Third Party Defendant Firepitart.com LLC previously was identified incorrectly as Firepitart.com, LLC.

1

1.      **Service of Process and Responsive Pleadings.**  Service of process has been obtained.  The Defendant and intervening Defendant/Counter-Plaintiff/Third-Party Plaintiff John T. Unger, LLC answered the complaint and filed a counter-claim and a third-party complaint, naming an additional party, Rick Wittrig, as a Counter-Defendant/Third-Party Defendant, who has also been served with process.  Counter-Defendants/Third-Party Defendants have filed a Motion for a More Definite Statement with respect to the counter-claim and third-party complaint.

2.      **Jurisdiction**.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201 as a civil action arising under arising under the copyright laws of the United States, and pursuant to 28 U.S.C. § 1367(a) and the doctrine of supplemental jurisdiction.  Mr. Unger denies the Court has personal jurisdiction over him in his individual capacity.  Otherwise, the parties do not dispute jurisdiction.

3.      **Parties' Theories of the Case**.

<u>Plaintiff's and Counter-Defendants /Third-Party Defendants' Theory of the Case</u>

FirePitArt.com, LLC ("Fire Pit Art") initiated this action on August 17, 2009, requesting a declaratory judgment of non-infringement and copyright invalidity and unenforceability, under 28 U.S.C. §§ 2201(a) *et seq*. and 17 U.S.C. §§ 101 *et seq*., and, through filing an amended complaint on August 27, 2009, relief under two Tennessee law causes of action, for violation of Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101 *et seq*., and intentional interference with business relationships of Fire Pit Art.  For its causes of action with respect to the requested declaratory relief, Fire Pit Art showed that the fire pits manufactured by Fire Pit Art and defendant John T. Unger ("Unger") are functional and utilitarian articles, are useful articles within the meaning of The Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*. ("Act"), and,

2

therefore, not subject to protection under the Act.  Fire Pit Art requested that, among other relief, the Court declare that Fire Pit Art may continue manufacturing, marketing and selling Fire Pit Art's fire pits.

Fire Pit Art's state law causes of action arise out of Unger's dissemination of his allegations of copyright infringement to Fire Pit Art's business partners and affiliates, including Fire Pit Art's then-vendor The Guild, Inc., d/b/a Artful Home, which resulted in Artful Home's termination of its business relationship with Fire Pit Art.

In response to Fire Pit Art's Complaint, Unger filed an answer on September 17, 2009, accompanied by a counter-claim and a third-party complaint by Unger and John T. Unger, LLC ("LLC") against Fire Pit Art and Rick Wittrig, and the LLC's intervening as a defendant.  For their causes of action, Unger and the LLC asserted copyright infringement, federal unfair competition, common law unfair competition, and violation of Tennessee Consumer Protection Act.  Counter-Defendants/Third-Party Defendants have filed a Motion for a More Definite Statement with respect to the counter-claim and third-party complaint.

<u>Defendant's and Counter-Plaintiffs/Third-Party Plaintiffs' Theory of the Case</u>

The Counter-Plaintiffs in this suit, John T. Unger and John T. Unger, LLC (collectively "Counter-Plaintiffs") filed the counterclaim in the present suit because Counter-Defendants Firepitart.com LLC and Rick Wittrig (collectively "Counter-Defendants") have copied Counter-Plaintiffs' designs in original artworks that are (a) protected by the Copyright Act and (b) protected by the Lanham Act, common law and the Tennessee Consumer Protection Act.  Counter-Plaintiffs' artwork is registered with the U.S. Copyright Office and is original; it also operates as Counter-Plaintiffs' trade dress.  Counter-Defendants have copied and continue to copy Counter-Plaintiffs' designs and trade dress, without permission, for commercial profit, and

3

in disregard of Counter-Plaintiffs' rights. Counter-Defendants have caused actual confusion and damage to Counter-Plaintiffs, which is likely to continue unless Counter-Defendants are enjoined.

4. **Identification of the Issues.** All legal and factual matters raised in the pleadings remain at issue in this litigation.

5. **Need for Other Claims or Parties**. Counter-Defendant/Third-Party Defendant Rick Wittrig may become an additional Plaintiff. Counter-Plaintiff/Third-Party Plaintiff John T. Unger, LLC may become an additional Defendant. The parties are not aware of the need for any other parties.

6. **Witnesses**. Fact witnesses will include, but not be limited to, corporate representatives for each party. The parties anticipate potentially calling expert witnesses, too.

7. **Initial Disclosures and Staging of Discovery**.

   a. **Rule 26(a)(1) Disclosures**. Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures within 14 days after the initial case management conference.

   b. **Motion for Protective Orders**. The parties will prepare and submit a proposed protective order to the Court.

   c. **Discovery Matters**. Discovery is not stayed during dispositive motions, unless ordered by the Court. Counsel for the parties have agreed to produce all documents responsive to Requests for Production in searchable PDF format on CD-ROMs, DVDs or their equivalent. Counsel for the parties will confer immediately after the Initial Case Management conference to address the possibility of obtaining admissions of fact and/or stipulations regarding the

4

authenticity of documents that will avoid unnecessary discovery or proof, pursuant to LR16.01(d)(7)(d).

   d. **Other Discovery Deadlines**

   The parties propose the following discovery deadlines:

   1. All fact discovery, including written discovery and fact depositions, shall be completed by April 30, 2010;

   2. All discovery motions shall be filed by May 14, 2010; however, no discovery motions shall be filed unless the parties have made all good faith attempts to resolve discovery disputes and have scheduled and conducted a telephone conference with the Magistrate Judge;

   3. Plaintiff Firepitart.com LLC and Counter-Defendants/Third-Party Defendants Firepitart.com and Rick Wittrig shall disclose expert witnesses and provide all information required under Fed. R. Civ. P. 26(a)(2)(b) by May 28, 2010;

   4. Defendant/Counter-Plaintiff John T. Unger and Third-Party Plaintiff John T. Unger, LLC shall disclose expert witnesses and provide all information required under Fed. R. Civ. P. 26(a)(2)(b) by June 30, 2010;

   5. Any supplements to expert reports shall be exchanged by July 16, 2010.

8. **Dispositive Motions.**

All dispositive motions shall be filed by June 25, 2010 and shall be limited to 25 pages. Responses to these motions shall be filed within twenty-eight (28) days after the filing of the

dispositive motion, or July 23, 2010, whichever is sooner, and shall be limited to 25 pages. Any replies to a response to a dispositive motion shall be filed within 14 days or August 6, 2010, whichever is sooner and shall be limited to 5 pages, absent Court permission for longer pleading.

**9.** **Other Deadlines**.

Any motions to amend pleadings or to add parties shall be filed on or before January 15, 2010.

**10.** **Target Trial Date**. The target trial date is February 2011. The parties anticipate that the trial will last 3-4 days and the parties have requested a jury.

**11.** **Subsequent Case Management Conferences**. A follow-up case management conference by telephone is set for February 26, 2010, at 1:30 P.M. Counsel shall call in to Judge Brown's conference number.

**12.** **Joint Mediation Report**. Parties are open to further discussions regarding alternative dispute resolution and shall file a joint mediation report by May 14, 2010.

**13.** **E-discovery**. Counsel for the parties have discussed and agreed upon how electronically stored information ("e-discovery") will be handled in this case, and thus the Court's Administrative Order No. 174 shall not apply to e-discovery in this case. The parties will produce electronically stored information in searchable PDF format and each page will bear a Bates or production number. Each separate document will be produced as a separate PDF. Any attachments will follow the parent document. Each PDF will be named with a corresponding starting bates range so that the parties may easily discern where the document starts and ends. Within fourteen (14) days after entry of this Order, the parties will provide the following information: (a) a list of the most likely custodians of relevant electronically stored information and a brief description of each person's title and responsibilities; (b) a list of each

relevant electronic system that has been in place at all relevant times and a general description of each system, including the nature, scope, character, organization, backup systems and formats employed in each system; and (c) an identification of any problems reasonably anticipated to arise in connection with e-discovery. The parties will continue to discuss the mechanics of production or changes to the e-discovery process, if the need arises. Nothing contained in this provision shall waive any party's right to propound discovery seeking native format. Electronically stored information that contains privileged information or attorney-work product shall be immediately returned if the documents appear on their face to have been inadvertently produced, or upon notice of the inadvertent production. The parties agree that no copies of inadvertently produced documents should be retained by the non-producing party.

14. **Service via E-mail.** The parties agree that they may serve copies of discovery and other papers on each other's counsel via e-mail and that such service shall be treated the same as personal service, for purposes of computing time. For purposes of this Order, the Federal Rules of Civil Procedure and the Local Rules in effect as of the entry of this Order shall govern the computation of time.

15. **Pending Motions**. Plaintiff/Counter-Defendants/Third-Party Defendants filed a Motion for More Definite Statement on October 7, 2009. A response is due on or before October 21, 2009.

It is so ORDERED.

_____
HON. JOE B. BROWN
United States Magistrate Judge

APPROVED FOR ENTRY:


/s/ Natalya L. Rose
Natalya L. Rose (No. 021701)
MILOM JOYCE HORSNELL CROW PLC
3310 West End Avenue, Suite 610
Nashville, Tennessee 37203
Telephone: (615) 255-6161
Facsimile: (615) 254-4490
nrose@mjhc-law.com

*Attorneys for Rick Wittrig
and FirePitArt.com, LLC*


/s/ Stephen J. Zralek
Stephen J. Zralek (No. 18971)
BONE MCALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, Tennessee 37219
Telephone: (615) 238-6305
Facsimile: (615) 238-6301
szralek@bonelaw.com

Mark G. Clark
TRAVERSE LEGAL, PLC
810 Cottageview Dr., Suite G20
Traverse City, Michigan 49684
Telephone: (231) 932-0411
Facsimile: (231) 932-9524
mark@traverselegal.com

*Attorneys for John T. Unger
and John T. Unger, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2009, a copy of the foregoing Proposed Initial Case Management Order was filed electronically. A copy of this filing will be sent by operation of the Court's electronic filing system to all counsel indicated on the electronic filing receipt.

/s/ Natalya L. Rose
Natalya L. Rose